**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2012

Lyle W. Cayce
Clerk

No. 10-31230
Summary Calendar

DEDRIC GRIFFIN,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-5098

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dedric Griffin, Louisiana prisoner # 417015, was convicted of first degree murder and was sentenced to life in prison. *State v. Griffin*, 838 So. 2d 34, 36 (La. Ct. App. 2003). Griffin filed an application under 28 U.S.C. § 2254 in federal court arguing that the trial court erred in allowing testimony from his first trial to be entered into evidence at his subsequent trial. Griffin's counsel during the first trial, Jasper Pharr, was replaced for a conflict of interest because he had represented Patrick Parker, the prosecution's star witness, in an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31230

unrelated criminal matter. *Griffin*, 838 So. 2d at 36. Griffin asserted that everything that occurred during that representation was tainted by ineffective assistance of counsel resulting from the conflict of interest.

The district court denied the application. It found that the state court had determined correctly that Griffin had failed to show that the testimony had been tainted by Pharr's ineffective assistance.

A federal court cannot grant habeas relief on any claim that was adjudicated on the merits in a state court proceeding unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

To show the ineffective assistance of counsel by Pharr that is required to support a claim that his first-trial testimony is tainted, Griffin must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice is presumed if it is shown that an actual conflict of interest adversely affected counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). This standard "is not properly read as requiring inquiry into actual conflict as something separate and apart from adverse effect. An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002).

Pharr represented Griffin at his first trial, which ended in deadlocked jury. *Griffin*, 838 So. 2d at 36. During jury selection for Griffin's second trial, Pharr notified the trial court that he had represented Parker, the prosecution's star witness, in an unrelated criminal matter. Pharr was then replaced as Griffin's counsel. *Id.* The state court rejected Griffin's claim using the *Strickland* standard. It held that Griffin had not shown the decision to allow Griffin to

2

testify was deficient performance. Alternatively, given the strong evidence of his guilt, Griffin suffered no prejudice. *Id.* at 38-41. The state court found specifically that there was no evidence that the conflict of interest influenced Pharr's actions in the first trial because Pharr was unaware of the conflict. *Id.* at 39-40. On appeal, Griffin has not shown that this was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 18 U.S.C. § 2254(d).

Griffin cannot show an actual conflict of interest, *see Mickens*, 535 U.S. at 172 n.5, and cannot receive the benefit of a presumption of prejudice because he cannot show that Pharr's performance during the first trial was affected in any way by the prior representation. Griffin's inability to show an actual conflict is because "Pharr did not even realize at the time of the first trial that he had represented Parker in the earlier guilty pleas" and thus was unaware of the prior representation of Parker until the first trial was over and jury selection had begun for the second trial. *Griffin*, 838 So. 2d at 36, 39-40. It was not an unreasonable application of Federal law, as determined by the Supreme Court, to reject Griffin's claim that his testimony from the first trial should have been excluded from future proceedings because it had been tainted by ineffective assistance of counsel because Griffin failed to demonstrate that Pharr's actions in the first trial constituted ineffective assistance.

AFFIRMED.